IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MACEO G. WILLIS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 16−cv−1145−SMY |
| | ) |
| ILLINOIS DEPT. OF CORRECTIONS, | ) |
| JULIUS FLAGG, | ) |
| BART TOENNIS, | ) |
| M. DAVEY, | ) |
| C. RUFFIN, | ) |
| RICHARD J. FITZGERALD, | ) |
| ROBERT L. SKLODOWSKI, | ) |
| PAUL BIEDEL, and | ) |
| ANGELINE STANISLAUS | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Maceo G. Willis, Jr., currently civilly committed at Rushville Treatment and Detention Facility, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks injunctive relief and monetary damages.

The Court will conduct a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)[1], which provides:

> Not withstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal --
>   i.   is frivolous or malicious;

---

[1] As a civilly committed person, it is unclear whether Plaintiff falls under the class of persons described as a "prisoner" in 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, as the Seventh Circuit has not provided guidance on this issue. *Kalinowski v. Bond*, 358 F.3d 978 (7th Cir. 2004). The Court therefore uses the standard set forth in § 1915, as Plaintiff has moved to proceed in forma pauperis

1

     ii. fails to state a claim on which relief may be granted; or
     iii. seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to dismiss this case with prejudice at this time.

### **The Complaint**

Plaintiff originally filed this suit on August 5, 2016 in the Central District of Illinois. (Doc. 1). The case was transferred to this district on October 17, 2016 because the events Plaintiff complained of occurred at Centralia Correctional Center, located in this district and in Cook County, Illinois.

The § 1983 forms used by the Central District include a section asking about a litigant's prior litigation history. Plaintiff affirmatively answered that he had not filed any other lawsuits in state or federal court dealing with the same facts of this case. (Doc. 1, p. 4). Plaintiff identified two lawsuits that he had previously filed in the Central District of Illinois: Case No. 86 C 9589 and *Willis v. Scott*. (Doc. 1, p. 5). He identified no other case. In fact, Plaintiff has filed

approximately 30 civil cases in the federal court system alone. At least one and possibly more of those cases addresses claims present in this case.

In the instant Complaint, Plaintiff alleges that after an improper arrest, he was tried and convicted of aggravated sexual assault. (Doc. 1, p. 8). He further alleges that aggravated sexual assault carried a maximum penalty of 30 years, but that Judge Sklodowski improperly sentenced him to 60 years' imprisonment, albeit *without* a term of supervised release. (Doc. 1, p. 8).

Plaintiff satisfied his sentence on November 10, 2014, but was not released at that time. (Doc. 1, p. 9). Bart Toennis informed Plaintiff, along with M. Davey and C. Ruffin, that his sentence had been discharged, but that he would not be released because he was subject to electronic monitoring and had failed to provide a proper host site for monitoring. (Doc. 1, p. 9). Plaintiff grieved this determination to the warden of Centralia, Julius Flagg. (Doc. 1, p. 9). Flagg did nothing, so Plaintiff appealed the grievance to the Director of the Illinois Department of Corrections. (Doc. 1, p. 9). Plaintiff alleges that this "turnaround" practice is illegal. (Doc. 1, p. 10).

On November 21, 2014, Plaintiff was examined by Dr. Angeline Stanislaus. (Doc. 1, p. 10). Stanislaus allegedly authored a false report against Plaintiff and gave him a false diagnosis. (Doc. 1, p. 10). Presumably, this allegedly false diagnosis forms the basis of Plaintiff's current civil commitment.

Plaintiff alleges that Richard Fitzgerald is liable because he assigns cases and supervises the Cook County Judges, and is therefore responsible for the improper sentence that Plaintiff received. (Doc. 1, p. 11).

Plaintiff requests that the Court overturn the Illinois Department of Corrections' determination that he was required to serve a term of supervised release. (Doc. 1, p. 12). He

further requests that the Court order his immediate release. (Doc. 1, p. 12). Plaintiff also seeks declarative relief that the turnaround practice, as authorized by the Illinois state legislature and utilized by the Illinois Department of Corrections, is unconstitutional. (Doc. 1, p. 12). He also wants the Court to declare that his original sentence, imposed by the Circuit Courts of Cook County, is void and vacated or that Plaintiff is entitled to a new trial. (Doc. 1, p. 12). Plaintiff additionally requests that his extended term of incarceration be found void. (Doc. 1, p. 12). Finally, Plaintiff requests damages. (Doc. 1, p. 13).

In Case No. 15-1332, filed in the Northern District of Illinois, Plaintiff also proffered facts relating to the allegedly improper sentence imposed by Judge Sklodowski. (Case. No. 15-1332 (N.D. Ill), Doc. 1, p. 34). He also raised claims related to various IDOC defendants' failure to provide him with an appropriate host site when he was eligible for parole. (Case. No. 15-1332 (N.D. Ill.), Doc. 1, pp. 46-7).

## Discussion

Plaintiff's Complaint will be dismissed as a sanction for making a material omission to the Court. The form used by the Plaintiff to draft his Complaint clearly directed him to list all lawsuits filed in any state or federal court. Plaintiff ignored that statement and listed a mere 2 out of 30 cases previously filed. The Seventh Circuit has found dismissal appropriate when an inmate plaintiff fails to disclose his litigation history. *See Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011); *Willis v. State of Illinois*, No. 15-C-1332, (N.D. Ill. Feb. 23, 2015) *aff'd Willis v. State of Illinois*, No. 15-1735, (7th Cir. July 17, 2015). As Plaintiff failed to disclose his litigation history, his case will be dismissed.

Plaintiff's omission is particularly egregious here, where at least one of his prior lawsuits includes claims that are present in this lawsuit. A prisoner cannot use a new lawsuit to argue that

the dismissal with prejudice of a separate lawsuit was in error. *Hudson v. Hedge*, 27 F.3d 274, 267 (7th Cir. 1994). Even if a district court's decision is erroneous, claim preclusion (res judicata) will bar subsequent suits. *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). Res judicata bars a suit if there was a judgment on the merits and the parties and claims are identical. *Keller v. Monroe County Sheriff's Dept.*, 473 Fed. Appx. 510, 511 (7th Cir. 2012).

Cases dismissed during screening may have a preclusive effect on later cases. *Lewis v. Suthers*, 480 Fed. Appx. 415, 416 (7th Cir. 2012). A final decision will terminate a suit, and the final resolution of one suit is conclusive in a successor, regardless of whether the decision dismissing the suit is correct or not. *Gleash*, 308 F.3d at 760. Should a party find a final decision objectionable, the only option is to file an appeal on the available grounds. *Id.*

Res judicata is an affirmative defense that the Court may raise when it is clear from the Complaint and other documents in the court's files that the suit is frivolous. *Id.* (citing *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002)). Dismissal is proper immediately to save time and money for everyone involved, rather than waiting for Defendants to answer and file a motion to dismiss citing claim preclusion. *Id.* at 760-61. (citing *Denton v. Hernandez*, 504 U.S. 25 (1992)). Additionally, the Seventh Circuit has explicitly rejected the position that pro-se complaints reasserting previously dismissed claims should be construed as motions to reconsider under Rule 60(b). *Id.* at 761.

Here, Plaintiff's claims were previously dismissed with prejudice, in part due to his failure to submit his litigation history, but also because the court concluded that Plaintiff had impermissibly relied on legal conclusions in lieu of facts, was trying to challenge his criminal conviction collaterally in violation of *Heck v. Humphrey*, 512 U.S. 477 (1994), had already brought several habeas corpus cases raising similar issues and was attempting to raise time-

5

barred claims. (Case No. 15-1332 (N.D. Ill), Doc. 5). Some of these grounds go to the merits of that case, and by extension this case, where Plaintiff has raised identical claims against identical parties. Moreover, the record shows that Plaintiff did appeal the decision dismissing 15-1332 to the Seventh Circuit and the Seventh Circuit affirmed it. Plaintiff's suit here is a wholly improper attempt to circumnavigate that decision, in part by committing fraud on the Court by misrepresenting his litigation history. If Plaintiff were a prisoner for the purposes of the Prison Litigation Reform Act, the Court would not hesitate to assess a strike in these circumstances. For these reasons, Plaintiff's case is **DISMISSED with prejudice**.

### Pending Motions

Plaintiff has a pending motion for leave to proceed IFP (Doc. 4), although it appears that motion was granted by the Central District on August 11, 2016, making the motion **MOOT**. As the Court will dismiss this case with prejudice, Plaintiff's remaining motions (Docs. 6, 8 and 9) are also **MOOT**.

### Disposition

**IT IS HEREBY ORDERED** that this case is **DISMISSED with prejudice.** The Clerk of Court is **DIRECTED** to **CLOSE** the case.

**IT IS SO ORDERED.**

**DATED: January 12, 2017**

s/STACI M.YANDLE
**STACI M. YANDLE**
**United States District Judge**